51 N.J. Super. 363 (1958)
144 A.2d 34
WILLIAM F. HARVEY, PLAINTIFF,
v.
THE BOARD OF CHOSEN FREEHOLDERS OF ESSEX COUNTY: EMPLOYEES' RETIREMENT SYSTEM OF ESSEX COUNTY; NEIL G. DUFFY, SHERIFF OF ESSEX COUNTY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 1, 1958.
*364 Mr. Wilbur J. Bernard, attorney for plaintiff.
Mr. Marshall Crowley, attorney for defendants.
COLIE, J.S.C.
By this action the plaintiff seeks a declaration that N.J.S.A. 43:10-18.26 is unconstitutional. The facts disclose that plaintiff, on May 23, 1923, was appointed a court attendant by the Sheriff of Essex County and has continuously been in the classified service under the Civil Service Law, N.J.S.A. 11:1-1 et seq., and, until *365 his employment was terminated on January 9, 1958 was a member of the Employees' Retirement System of Essex County. Plaintiff became 65 years old on November 9, 1957; was allowed vacation time from then until January 9, 1958. The Sheriff of Essex County did not file the certificate referred to in the statute which is hereinafter set forth. The evidence indicates that of the 90 permanent court attendants of the county, 87 are members of the Employees' Retirement Fund and three are not; that of all the permanent custodial employees, including court attendants, 232 are members of the same fund and 12 are not. The statute reads as follows:
"The board of chosen freeholders in any county of this State having a population of more than eight hundred thousand inhabitants may retire any court attendant in the office of the sheriff, and any guard, keeper, nurse and other employee engaged in the safe-keeping and care of prisoners in the county jail and the county penitentiary, who shall have served as such for a period of twenty years, and shall have reached the age of sixty-five years, and who, at that time, is a member of the employees' retirement system of such county provided for by the act of which this act is supplementary under the provisions of said act; provided, however, subject to the approval of the board of chosen freeholders, that any such person may be continued in his or her county employment after reaching the age of sixty-five, if the sheriff or warden of the jail or penitentiary, as the case may be, shall file a certificate with the board of chosen freeholders and the pension commission of the county, certifying that such person is in good physical and mental condition and able to fully perform his or her duties, in which event such employee shall be permitted to remain in employment for a period not exceeding one year from the date of the certificate. Such certificates may, in the discretion of the sheriff or warden, as the case may be, be renewed annually until after such person shall have reached the age of seventy."
The unconstitutionality is alleged to arise from the fact that the statute vests an absolute discretion to retire an employee in the sheriff; that it is special legislation in that it gives the right to retire only those employees who are members of the employees' retirement system; that it creates a division within a class where no realistic division exists and sets forth no norm or standard to guide the sheriff in *366 determining whether an employee shall or shall not be continued in service after attaining age 65.
The defendants argue that a proper construction of the statute in order to carry out the intent of the Legislature requires that the word "may" be read as though the statute were written "The board of chosen freeholders * * * [shall] retire * * *." Plaintiff contends that the word "may" connotes permission, and cites authorities, with which the Court agrees, that such is the usual interpretation to be given to that word. However, the cardinal guide is the intention of the Legislature, and that intent, so far as possible, is to be derived from the language of the statute which provides for retirement at age 65, with a proviso for continuation beyond that age if the sheriff and the board of freeholders certify that such person is "in good physical and mental condition and able to fully perform his or her duties." It would seem fairly obvious that court attendants should be in good physical and mental condition and able to fully perform their duties, and in that regard the statement attached to what later became L. 1947, c. 367, is enlightening:
"Court attendants, penitentiary and jail guards, are occupied in hazardous work and their duties require a continuance of good physical condition and should not be occupied by persons beyond the age of sixty-five unless, in the discretion of the department head and freeholders, are in unusual good physical condition and especially fit to serve longer in their particular assignments. This bill will require pensionable court attendants, and guards in jails and penitentiaries, to retire at sixty-five, unless after physical examination the board of chosen freeholders finds that they can carry on in their particular assignment, not to exceed the age of seventy, when they must, without exception, retire on pension under this act."
The statute indicates a legislative intent that retirement at age 65 is required, unless, in accordance with the proviso, an employee over 65 is in good physical and mental condition and able to fully perform his duties. The necessity for such a provision is evident because of the importance of having physically and mentally equipped persons performing the duties required of them.
*367 A statute to be special and therefore unconstitutional must arbitrarily separate some persons, places or things from others upon which, for but such limitation, it would operate, and it is beyond argument that the Legislature has wide discretion in classification. In the instant case, the classification of court attendant, guard, keeper, nurse and other employee engaged in the safekeeping and care of prisoners in the county jail or penitentiary is, without doubt, a reasonable classification. Nor can the constitutionality of the statute be successfully attacked on the ground that it excludes employees who are not members of the employees' retirement system. It was enacted as a supplement in 1947 to "An Act to provide for the creation, setting apart, maintenance and administration of a county employees' pension fund in counties having a population exceeding eight hundred thousand inhabitants."
It must be borne in mind that the statute under review applies to all court attendants who were members of the employees' pension system, and the fact that three of the 90 employees are not within the classification does not make the classification unreasonable. Absolute equality is not the test, but rather whether the classification is reasonable, and if it is reasonable, the fact that it may produce discrimination does not render it unconstitutional. The claim that the statute is unconstitutional in that it gives the sheriff the right arbitrarily to continue an employee after the age of 65 without setting a norm or standard is without merit. The statute itself sets a standard, namely, good physical and mental condition and ability to fully perform the duties of his employment.
The court finds the statute constitutional and the complaint is dismissed.